United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Bryan Duane Pankey and Jo Ann Pankey                    Case No. 05-67427
                Debtors.                    Chapter 7
_____/

Gene R. Kohut, Trustee,
                Plaintiff,                    Adv. Pro. No. 06-5628

v.                                                      Hon. Steven Rhodes

Wells Fargo Bank, N.A.,
                Defendant.
_____/

Opinion Regarding Motion for Summary Judgment

      Gene Kohut, the chapter 7 trustee, filed this adversary proceeding to avoid a mortgage on the debtors' real property. He seeks to avoid the mortgage as a preferential transfer pursuant to 11 U.S.C. § 547(b), asserting that the mortgage was perfected during the 90 days prior to the debtors' bankruptcy. Wells Fargo has filed a motion for summary judgment, asserting that the mortgage was recorded prior to the preference period and is therefore not avoidable.

      The debtors refinanced their residential real property on February 11, 2005, granting two mortgages to New Century Mortgage Corporation. On February 22, 2005, New Century assigned the mortgages to Wells Fargo. The first mortgage, for $192,000, is the subject of this adversary proceeding. Kohut filed a second adversary proceeding to avoid the second mortgage. The debtors filed this bankruptcy case on August 26, 2005.

      In this adversary proceeding, Kohut asserts that the first mortgage should be deemed recorded June 20, 2005, which is the date appearing in the liber and page stamp on the mortgage and is also

the date of the cashier's receipt for the payment of the recording fees. The receipt shows that the filing fee for this mortgage was paid in a batch payment by check no. 60291. The back of the check from the title company has an Oakland County Register of Deeds date stamp of June 20, 2005. It appears to have been deposited the following day and paid by the bank on June 22, 2005.

Wells Fargo asserts the mortgage was recorded on March 24, 2005, before the 90 day preference period. The mortgage document is stamped with a received stamp from the Oakland County Register of Deeds dated March 24, 2005. Additionally, Deputy Register Laura Thierbach testified that the mortgage was received that day. Further, Thierbach testified that the mortgage was in recordable form. Wells Fargo asserts that it was "ready willing and able" to pay on March 24, 2005, but that it was prevented from doing so based on a written policy of the Oakland County Register of Deeds.

I.

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.* 800 F. Supp. 547, 549-50 (E.D. Mich. 1992).

Kohut does not dispute that the Oakland County Register of Deeds received the mortgage

2

on March 24, 2005. The recorded mortgage is stamped with a received stamp dated March 24, 2005, and Thierbach testified in her deposition that it was received that day.

Kohut also does not dispute that the mortgage was submitted in recordable form. Thierbach so testified because the received stamp was not crossed out; this would have indicated that the mortgage had been rejected and re-submitted.

The parties' disagreement over when the mortgage should be deemed to have been recorded arises from the payment of the recording fees. Wells Fargo asserts that the only reason that it did not pay the fee at the time the mortgage was presented for recording is that Oakland County Register of Deeds had a policy of refusing to accept payment for recording a batch of documents until it determined that all of the documents in the batch were in recordable form. Wells Fargo presented Thierbach's deposition testimony and a policy memorandum from Oakland County Register of Deeds to establish the existence of this policy. Accordingly, Wells Fargo asserts that the delay in payment is attributable to Oakland County Register of Deeds and that Wells Fargo should not be penalized for the delay in payment.

Kohut asserts that Thierbach's testimony also indicated that if a title company wanted to wait for verification that a document is in recordable form, the process could be accomplished in one day. Moreover, Kohut argues that Thierbach testified that according to their records, it appears that the mortgage at issue was verified before the preference period and that payment could have been made much earlier than was actually done in this case. Accordingly, Kohut argues that since it was possible for payment to be made when the mortgage was submitted for recording, the delay in payment is not attributable to the Oakland County Register of Deeds.

3

II.

This case involves a legal issue which has arisen with some frequency in this district. The issue is this: When is a mortgage deemed "recorded" if the county register of deeds does not maintain an "entry book" as required by Michigan law? This Court has adopted the result and reasoning of *Gold v. Interstate Fin. Corp.* (*In re Schmiel*), 362 B.R. 802 (Bankr. E.D. Mich. 2007). *See In re Ammar*, __ B.R.__, 2007 WL 1314584 (Bankr. E.D. Mich. 2007). In *Schmiel*, Judge Shefferly determined that pursuant to Michigan law, there are three specific requirements for recording a mortgage.

> 1. The mortgage must be received by the register of deeds under Mich. Comp. Laws Ann. § 565.25(1).
> 2. The mortgage must meet the technical requirements of Mich. Comp. Laws Ann. § 565.201.
> 3. The recording fee must be paid when the mortgage is left for record, under Mich. Comp. Laws Ann. § 600.2567(1)(a).

*Id.*, 362 B.R. at 817. In the absence of the required mortgage entry book, a mortgage is deemed recorded at the moment when the last of three requirements is met. As Judge Shefferly stated:

> If a mortgagee has done all that the law requires or permits it to do by presenting a mortgage in recordable form and paying the proper filing fee, no useful purpose is served by penalizing the mortgagee for the failure of a register of deeds to perform its statutory duties, over which the mortgagee has no control.

*Id*. at 818.

This case presents an issue not addressed in *Schmiel*. That issue is this: When the register of deeds refuses payment of the recording fee at the time a mortgage is submitted in recordable form, is

4

it then deemed recorded? Indeed, Judge Shefferly specifically noted that it was beyond the scope of *Schmiel* to determine whether such a delay in payment of recording fees would impact the date that a mortgage would be deemed recorded. *Id.* at 819, n.5.

The law regarding the timing of the payment of a filing fee for recording a mortgage is quite clear. Mich. Comp. Laws Ann. § 600.2567(1)(a) explicitly requires the filing fee to be paid when a mortgage is left for recording.

Moreover, the entry book for recording a mortgage is also required to record the payment of the fee. Mich. Comp. Laws Ann. § 565.24 states, "Every register of deeds shall keep an entry book of deeds and an entry book of mortgages, each page of which shall be divided into 6 columns, with title or heads to the respective columns, in the following form...." The heading for the sixth column is "Fee (Fees) Received." Section 565.201 lists the requirements that an instrument must meet in order to be recorded by a register of deeds. Any instrument "shall not be received for record by the register of deeds ... unless that instrument complies with each" requirement. Mich. Comp. Laws Ann. § 565.25(1). Section 565.25 specifies what a register of deeds must enter in an entry book, when an instrument complies with the statutory requirements. It provides as follows:

> In the entry book of deeds, the register shall enter all deeds of conveyance absolute in their terms, and not intended as mortgages or securities, and all copies left as cautions. In the entry book of mortgages the register shall enter all mortgages and other deeds intended as securities, and all assignments of any mortgages or securities. In the entry book of levies the register shall enter all levies, attachments, liens, notices of lis pendens, sheriffs' certificates of sale, United States marshals' certificates of sale, other instruments of encumbrances, and documentation required under subsection (2), noting in the books, the day, hour, and minute of receipt, and other particulars, in the appropriate columns in the order in which the instruments are respectively received.

Mich. Comp. Laws Ann. § 565.25(1).

Accordingly, Michigan law establishes that the entry book must have columns for both the time received and the payment received. This further establishes that the legislature intended for the recording fees to be paid at the time that a mortgage is presented for recordation.

The Court must conclude that nothing in law allows the Register of Deeds to refuse payment pending its validation of the documents. It is the duty of the Register of Deeds to accept payment of the recording fees at the time the mortgage is submitted for recordation.

The evidence establishes that during the time that this mortgage was submitted for recordation, the Register of Deeds violated that duty as a matter of practice and policy. The affidavit of Laura Thierbach, the Chief Deputy Register at the Oakland County Register of Deeds, describes the process for mortgage recordation that was in place in August and September 2004. Thierbach states that it was the policy of the Oakland County Register of Deeds to require title companies that were batch filing multiple documents to leave the documents in a folder at the register of deeds office for review and validation. Documents were validated in the order of their receipt. Once validated, the documents were placed in the same folder in a file drawer for pick-up by the title company representative according to that representative's schedule. The title company representative would bring the validated documents to the cashier for the register of deeds, who would then accept the proper fee and assign liber and page numbers. According to Thierbach, "rush" processing, a procedure in which an instrument could be validated, paid for and affixed with a record date stamp all in one day, was not available for large groups of multiple filings. (Thierbach Affavidit, November 13, 2006). Thierbach's affidavit is consistent with a "Memo" from the Oakland County Register of Deeds addressed to "All Title Companies" dated May 5, 2005. Thierbach's deposition indicates that the same process was in place at the time the present

mortgage was presented for recordation. (Thierbach Dep. at p 8.)

Wells Fargo has established that Oakland County Register of Deeds had a policy of refusing payment at the time this mortgage was presented for recordation. Michigan "law does not require a useless formality. A formal tender is not necessary where a party has shown by act or word that it would not be accepted, if made." *Haneworth v. Hendrickson*, 31 N.W. 2d 726 (Mich. 1948). The Court concludes that the policy of the Oakland County Register of Deeds excused Wells Fargo from making payment on March 24, 2005, when it submitted this mortgage, as any such tender of payment would have been futile.[1]

Ultimately, as in *Schmeil*, the issue is how to interpret the statute defining recordation when the local authority charged with the duty to apply the requirements for recordation violates that duty. *Schmeil* concluded that a filing party should not be prejudiced by the authority's failure to maintain the statutorily required entry book. This Court now concludes for similar reasons that a filing party must not be prejudiced by the authority's refusal to accept the statutorily required recording fee.

Accordingly, the Court holds that the mortgage in this case is deemed recorded on March 24, 2005. Because that was outside the 90 day preference period, the mortgage is not avoidable as a preference and Wells Fargo is entitled to summary judgment.

---

1. The Court further concludes that any factual issues about the dates on the check are not material, and do not preclude summary judgment. The objection to the motion for summary judgment included two copies of Progressive Check # 60291. Ex. 2 is a Copy of Progressive Check # 60291 faxed by Prestige Mtg. Service on November 9, 2006. Ex. 3 is a copy of Progressive Check # 60291 faxed by Progressive Title on February 19, 2007. There are a few differences between the copies. Ex. 2 is dated March 24, 2005, payable to Oakland County Register of Deeds, with Wayne crossed out and Oakland substituted by handwritten notation. Ex. 3 is dated March 28, 2005, but otherwise appears the same. The parties were unable to provide any explanation for these discrepancies, but, as noted, they are not material to the issues before the Court.

III.

Wells Fargo also seeks summary judgment on the grounds that § 547(b)(1) is not applicable in the present case because the mortgage was not the transfer of an interest of the debtor in property due to the earmarking doctrine. Wells Fargo asserts because this mortgage involved a refinancing, the mortgage merely substituted one secured creditor for another and did not involve a transfer of an interest of a debtor in property.

This Court has previously rejected Wells Fargo's position. In *Chase Manhattan Mortgage Corp. v. Shapiro* (*In re Lee*), this Court held that when a mortgage is recorded outside of the 20-day safe harbor, it involves two transfers, the second of which is not protected by the earmarking doctrine. On appeal in that case, the district court reversed this Court's decision. 339 B.R. 165, 170 (E.D. Mich. 2006). That case is currently on appeal to the Sixth Circuit Court of Appeals.

In its motion for summary judgment in this case, Wells Fargo relies on the district court decision. However, the district court's decision in *Lee* is not binding upon this Court in this case. Upon review, this Court stands by its decision in *Lee* in this case. *See also Gold v. Interstate Fin. Corp.* (*In re Schmiel*), 319 B.R. 520, 528-29 (Bankr. E.D. Mich. 2005); *Shapiro v. Homecomings Fin. Network, Inc.* (*In re Davis*), 319 B.R. 532, 534 (Bankr. E.D. Mich. 2005); *Scaffidi v. Kenosha City Credit Union* (*In re Moeri*), 300 B.R. 326 (Bankr. E.D. Wis. 2003); *Sheehan v. Valley Nat'l Bank* (*In re Shreves*), 272 B.R. 614 (Bankr. N.D. W. Va. 2001); *Vieira v. Anna Nat'l Bank* (*In re Messamore*), 250 B.R. 913, 916 (Bankr. S.D. Ill. 2000).

The Court will enter an appropriate order.

For Publication

**Signed on July 25, 2007**

    **/s/ Steven Rhodes**
    **Steven Rhodes**
    **Chief Bankruptcy Judge**